THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant and Cross-Appellee, v. JAMES L. ECKMANN, Defendant-Appellee and Cross-Appellant.

Second District   No. 77-163

Opinion filed May 22, 1978.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith and Kevin F. Bowen, Assistant State's Attorneys, of counsel), for the People.

Edward T. Ward, of Fawell & Ward, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of armed robbery following a bench trial. The defendant's post-trial motion to set aside the judgment of conviction prior to sentencing was granted for failure to afford defendant a speedy trial pursuant to section 103—5(a) of the Criminal Code of Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)). The People appeal, contending that the same motion had been denied before trial and should not have been reheard, and further, that a continuance attributable to defendant started the statute running anew under the law then in force. The defendant has cross-appealed contending that the State failed to give notice to the defendant of its request that the adjudication hearing in the juvenile proceedings be delayed (Ill. Rev. Stat. 1975, ch. 37, par. 704—3) and also failed to give notice of the request for a hearing on the State's petition to try the defendant as an adult.

On April 16, 1976, the defendant then 15 years old was arrested for the armed robbery and held pursuant to the State's delinquency petition for a detention hearing. The adjudication hearing was set for April 20, 1976. On April 19, 1976, the People filed a petition to have defendant tried as an adult. Defendant's counsel received a copy of the petition on the morning of April 20 in court and stated to the court:

> "Your Honor, I have just received copies of the State's motion and petition this morning, that being that the minor be tried as an adult, and based on that information I would ask that we are given a reasonable period of time in which to prepare for a hearing on this motion.

* * *

THE COURT: How Much time do you need to prepare?

MR. WARD: Approximately one week, your Honor. Can we have this matter heard on the 28th?

* * *

THE STATE: * * * is it possible to have it one day or the other, because of the Department of Children and Family Services coming on Wednesday? They are very heavy.

THE COURT: Are they heavy that day?

MR. WARD: The 29th would be fine with me.

THE COURT: All right. April 29th at 10:30 for hearing on the motion to be tried as an adult."

In addition, the defendant's counsel moved for discovery which the court ordered to be completed on or before April 23 and thereupon set the entire matter for hearing on April 29.

On April 29 an order was entered granting the People's petition to try defendant as an adult. On August 18, 1976, the defendant filed a motion to dismiss based upon the 120-day rule. This motion was denied by Judge Woodward on August 25, 1976. However, the matter was continued to September 17, 1976 to, permit defendant's counsel to examine the transcript of the April 20 hearing and present it to the court. Upon consideration of the transcript, Judge Woodward on September 17 again denied the motion. The defendant was subsequently convicted of the armed robbery in his bench trial before Judge Locke.

The defendant then moved for "a new trial"[1] and in his motion renewed the claim that the 120 days had passed prior to trial. Judge Locke agreed and dismissed the information.

The People argue that defendant could not properly seek a review of the denial of his pretrial motion to dismiss on the basis that he was not given a speedy trial by setting up the same claim in his post-trial motion, particularly since no new evidence was offered.

■■ In the absence of additional evidence or exceptional circumstances, the doctrine of collateral estoppel bars the relitigation of an order sustaining or denying a pretrial motion to suppress evidence. *People v. Armstrong*, 56 Ill. 2d 159, 161 (1973); *People v. Holland*, 56 Ill. 2d 318, 321 (1974). See also *People v. Hopkins*, 52 Ill. 2d 1, 4 (1972); *People v. Grant*, 38 Ill. App. 3d 62, 69 (1976).

■■ Defendant does not suggest that a different rule should obtain in ruling on a speedy trial motion and we agree. He argues that "based on the hearing and the memorandum of law presented by defendant, the

---

[1] Defendant, however, was seeking a complete discharge, thus the caption was a misnomer.

trial court determined that there were exceptional circumstances and additional evidence." However, we find nothing in the transcript of the hearing which refers to any exceptional circumstances or additional evidence as either presented or considered by the court on its rehearing. In fact, the short transcript shows only that arguments were presented and that the court merely considered the question of jurisdiction, stating

> * * * "I believe the law is pretty clear that this Court has the jurisdiction to rehear a motion which had been previously ruled upon by another judge and that it is this Court's opinion that the 120-day rule, 120 days had elapsed between the time of his apprehension and the time of the trial.
>
> Defendant's motion will be granted."

Clearly the court had jurisdiction to re-hear the motion. (*People v. Holland,* 56 Ill. 2d 318, 321 (1974).) But just as clearly there was no showing of new evidence or exceptional circumstances which would permit the court to overrule the previous disposition.

The order of Judge Woodward denying the defendant's motion for a discharge, however, is before us on the merits upon defendant's cross-appeal.

On his cross-appeal defendant argues that he is not charged with delay because of his request for a continuance on April 20, 1976, and for discovery because the State failed in its obligation to comply with the statutes and the rules of the circuit court relative to notice. Essentially he argues that it was the result of the State's failure to give notice to the defendant that the delay was occasioned. He refers to Rule 6.01 of the circuit court of the 18th Judicial Circuit which requires that notice of all proceedings in an action be given to all parties before 4 p.m. of the second court date preceding the hearing of the motion and states that the rule was not complied with because the State presented the motions in court immediately before the scheduled adjudicatory hearing.

It has been generally held that a continuance sought or obtained by a defendant, or agreed to by him, within the 120-day period is delay chargeable to the defendant for the purposes of the speedy trial statute. See, *e.g., People v. Donalson,* 64 Ill. 2d 536, 542 (1976). See also Rudstein, *Speedy Trial in Illinois: The Statutory Right,* 25 DePaul L. Rev. 317, 333 (1975).

■■ Here, under the local rule defendant was entitled to only two court days from the time his counsel received personal service of the motion that defendant would be tried as an adult. Defense counsel in fact asked for eight days to prepare and agreed to one additional day requested by the State based on congestion of the docket on the preceding day. Under these circumstances we conclude that there was not a "technical evasion"

by the State of defendant's right to a speedy trial, and that the delay was in fact caused by the defendant. *People v. Fosdick*, 36 Ill. 2d 524, 529 (1967).

Defense counsel also argues that defendant was entitled to an adjudicatory hearing within ten days from the date of his detention; that if the State wanted to delay the adjudicatory hearing it should have made a motion and caused the required notice to be served on defendant or his representative (Ill. Rev. Stat. 1975, ch. 37, pars. 704—2, 3, 4); but that the state failed to comply. Defendant argues that, therefore, defendant was deprived of due process of law.

This contention is made for the first time on appeal and it is therefore waived. (*People v. Arbogast*, 41 Ill. App. 3d 187, 191 (1976).) Moreover, no adjudicatory hearing was held since defendant was tried as an adult. Presumably defendant is arguing that he would not have needed the time to prepare a defense to the motion to try defendant as an adult if the State had not changed its procedure. However, the State was authorized by statute to elect to try defendant as an adult, and defense counsel sought the delay as previously noted. We therefore see no relevance to this argument on the issue of a speedy trial.

The judgment is reversed and the cause remanded with directions to reinstate the judgment of conviction and to sentence the defendant in accordance with the applicable statutes.

Reversed and remanded.

GUILD and BOYLE, JJ., concur.